UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| SHAMBAUGH & SON, L.P., | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 1:23-cv-00213-HAB-SLC |
| MATTHEW REICHHART, *et al.*, | ) ) ) |
| Defendants. | ) |

## OPINION AND ORDER

Before the Court is a motion to amend counterclaim (ECF 48) filed by Defendants Matthew Reichhart, Eric Hite, and Bobby Elliott ("individual Defendants"), on November 8, 2023, seeking to include a claim for declaratory relief and attorney's fees (*id.* ¶ 4). Plaintiff filed a response in opposition to the motion on November 22, 2023. (ECF 53). The individual Defendants filed a reply on December 6, 2023.[1] Therefore, the motion is ripe for ruling. The deadline for Defendants to seek leave of Court to amend their pleadings was November 8, 2023 (ECF 19), and thus, the motion was timely filed. For the following reasons, the motion to amend will be GRANTED.

Under Federal Rule of Civil Procedure 15(a)(2), a party must seek the Court's leave or the written consent of the opposing party when the moving party can no longer amend the pleadings as a matter of right. The Court "should freely give leave [to amend] when justice so requires," Fed. R. Civ. P. 15(a)(2), and "the decision as to whether to grant a motion to amend a [pleading] is entrusted to the sound discretion of the trial court," *Cohen v. Ill. Inst. of Tech.*, 581

---

[1] The individual Defendants' reply was filed after their deadline to do so. *See* N.D. Ind. L.R. 7-1(d)(3); (ECF 57). As such, and because the Court will grant their motion to amend, the Court will not consider the arguments raised in the reply.

F.2d 658, 661 (7th Cir. 1978) (collecting cases). Having said that, leave to amend is "inappropriate where there is undue delay, bad faith, dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, or futility of the amendment." *Perrian v. O'Grady*, 958 F.2d 192, 194 (7th Cir. 1992) (citing *Villa v. City of Chi.*, 924 F.2d 629, 632 (7th Cir. 1991)).

Plaintiff claims the motion to amend should be denied because the amendment is futile as there is no cause of action corresponding to Count III of the proposed counterclaim that exists at this time. (ECF 53 at 1). "[F]utility, in the context of Rule 15, refers to the inability to state a claim . . . ." *Reardon v. Short-Elliott Hendrickson, Inc.*, No. 2:17-CV-154-JVB-PRC, 2018 WL 1603381, at *2 (citation omitted) (futility, however, does not refer to "the inability of the plaintiff to prevail on the merits"). "Unless it is *certain* from the face of the complaint that any amendment would be futile or otherwise unwarranted, the district court should grant leave to amend . . . ." *Runnion ex rel. Runnion v. Girl Scouts of Greater Chi. & Nw. Ind.*, 786 F.3d 510, 5190-20 (7th Cir. 2015) (quoting *Barry Aviation Inc. v. Land O'Lakes Mun. Airport Comm'n*, 377 F.3d 682, 687 (7th Cir. 2004)).

Considering the futility argument at this juncture would be premature. "First, the Seventh Circuit has stated that denying a motion for leave to amend is generally disfavored, especially when [parties have] not yet had an opportunity to amend [their pleadings]." *Chen v. Yellen*, No. 3:20-CV-50458, 2021 WL 5005373, at *2 (N.D. Ill. Oct. 28, 2021) (citing *Bausch v. Stryker Corp.*, 630 F.3d 546, 562 (7th Cir. 2010)). "In light of the presumption in favor of giving [parties] at least one opportunity to amend, denying a [party] that opportunity carries a high risk of being deemed an abuse of discretion." *Runnion ex rel. Runnion*, 786 F.3d at 518 (citing

2

*Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1024 (7th Cir. 2013)). "Given that [the individual Defendants have] not yet filed any amended [counterclaim], the Court finds it proper to give [them] that opportunity." *Chen*, 2021 WL 5005373, at *2.[2]

Second, a futility analysis would be premature because it would be better addressed in a motion to dismiss. "[C]ourts will defer consideration of challenges to the merits of a proposed amended pleading until after leave to amend is granted and the amended pleading is filed." *Bentley v. Ariz. Dep't of Child Safety*, No. CV-17-00966-PHX-DJH, 2018 WL 8262769, at *1 (D. Ariz. Nov. 7, 2018) (collecting cases). Here, Plaintiff's arguments on the existence of the cause of action alleged in Count III, "even if merited, remain better left for full briefing on a [dispositive motion]." *Id.* at *2 (collecting cases); *see Chen*, 2021 WL 5005373, at *3 ("[C]ourts around the country have found that futility arguments made in opposition to the filing of an amended [pleading] are often better suited for consideration in the context of a motion to dismiss . . . ." (collecting cases)). Thus, Plaintiff's futility arguments would be "more appropriately raised in a motion to dismiss . . . when they can be addressed in a more concise manner." *Carteaux v. Town of Rome City*, No. 1:22-cv-00445-HAB-SLC, 2023 WL 2366964, at *2 (N.D. Ind. Mar. 6, 2023) (quotation omitted).[3]

---

[2] The counterclaim was initially filed by Defendant Reichhart, not Defendants Hite and Elliott. However, Plaintiff does not object to Defendants Hite and Elliott joining in on the counterclaim.

[3] Plaintiff states that the proposed counterclaim's request for attorney's fees "by its nature, cannot be resolved until after [Plaintiff's] DTSA claim is resolved on the merits," and thus, that "courts refuse to allow a defendant to assert such a counterclaim under the DTSA for attorney's fees, instructing the defendant to instead move for fees if appropriate at the end of the case." (ECF 53 at 2 (citations omitted)). However, Plaintiff does not support this argument with legal authority from this Circuit, and thus, the Court cannot conclude that it would be "certain from the face of the [counterclaim]" that the individual Defendants' claim for attorney's fees is not cognizable, and therefore, futile. (*See id.*); *Runnion ex rel. Runnion*, 786 F.3d at 520 (italics omitted). In any event, the individual Defendants also request declaratory judgment and Plaintiff does not explain how adding this request in the counterclaim would be futile.

In sum, denying the motion to amend based on futility would be premature. As already explained, the Court "should freely give leave [to amend] when justice so requires," Fed. R. Civ. P. 15(a)(2), and the individual Defendants' motion was filed before the applicable deadline passed. Thus, the motion to amend (ECF 48) is GRANTED. Defendants Matthew Reichhart, Eric Hite, and Bobby Elliott are AFFORDED to and including December 18, 2023, to file their amended counterclaim (ECF 48-1).

SO ORDERED.

Entered this 11th day of December 2023.

/s/ Susan Collins
Susan Collins
United States Magistrate Judge