UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| SHAMBAUGH & SON, L.P., | ) |
| Plaintiff, | ) ) ) |
| v. | ) Cause No. 1:23-CV-213-HAB |
| MATTHEW REICHHART, et al., | ) ) ) |
| Defendants. | ) |

**OPINION AND ORDER**

In late 2023, Defendants Matthew Reichhart, Eric Hite, and Bobby Elliott (collectively "Individual Defendants") left their employment with Plaintiff Shambaugh & Son, L.P. ("S&S") to work for Defendant G&L Corporation ("G&L"). S&S claims that the Individual Defendants took S&S' confidential information and trade secrets with them for the purposes of competing with S&S. So S&S sued the Individual Defendants for breach of their duty of loyalty, G&L for tortious interference, and all four for violations of the Defend Trade Secrets Act ("DTSA"), 18 U.S.C. §§ 1832, 1836, *et seq.* (See ECF No. 51).

Defendants have responded with counterclaims. Reichhart has asserted claims for unpaid wages and commissions and breach of contract. All Defendants have asked for a declaratory judgment that they did not infringe and for attorney's fees under the DTSA. (See ECF Nos. 62, 65).

Now before the Court are S&S' motions to dismiss the counterclaims. (ECF Nos. 72, 79). S&S claims that Reichhart's claims are subject to arbitration and that the remaining counterclaims are redundant, unnecessary, and premature. The motions are fully briefed (ECF Nos. 73, 80, 90, 93, 94, 97) and ready for ruling.

## I.     Reichhart's Counterclaims will be Stayed

The parties agree that Reichhart's counterclaims are subject to an arbitration agreement. The only question before the Court is whether those counterclaims should be dismissed or stayed.

The Federal Arbitration Act instructs a court to stay trial of an action "until such arbitration has been had in accordance with the terms of the agreement." 9 U.S.C. § 3. For this reason, the Seventh Circuit also generally counsels to "stay the proceedings rather than to dismiss outright." *Halim v. Great Gatsby's Auction Gallery, Inc.*, 516 F.3d 557, 561 (7th Cir. 2008) (citations omitted). When all claims raised in a lawsuit are subject to arbitration, however, courts have recognized an exception to this general rule. *See Employers Ins. of Wausau v. Cont'l Cas. Co.*, No. 15-CV-226-WMC, 2016 WL 632642, at *3 (W.D. Wis. Feb. 17, 2016) (collecting cases). "In that event, a dismissal is appropriate because there is nothing 'for the court to decide unless and until a party seeks confirmation of or challenges the arbitrators' award.'" *Id*. (quoting *Bryant v. Fulgham*, No. 12-C-823, 2012 WL 1802150, *7 (N.D. Ill. May 17, 2012)).

All claims in this lawsuit are not subject to arbitration. S&S has claims, and there is no argument that the DTSA counterclaims are arbitrable. The general rule controls, and Reichhart's claims will be stayed pending arbitration.

## II.    The DTSA and Injunctive Counterclaims will be Dismissed

The DTSA provides for the recovery of attorney's fees for a prevailing party where a claim of misappropriation is made in bad faith. 18 U.S.C. § 1836(3)(D). Defendants assert that their counterclaims for attorney's fees and injunctive relief are necessary to make them "prevailing parties" under Seventh Circuit precedent. Otherwise, they claim, they are in a "trick box," where they could prevail on S&S' claims without a finding necessary to support an award of attorney's fees.

The Court cannot agree. As S&S' brief demonstrates, the majority view of courts is that claims for fees under the DTSA are not separate counterclaims. Instead, those claims are matters that can be addressed to the court, if appropriate, at the close of the case. (ECF No. 73 at 5-6) (collecting cases). If Defendants prevail, then they can move for fees at the end of the case. S&S concedes as much, extricating Defendants from any "trick box" they may have been in. (See ECF No. 94 at 3) (if Defendants defeat S&S' claims, "Shambaugh agrees they could then argue that Shambaugh asserted those claims in bad faith and they are therefore entitled to attorney fees.").

The same can be said for the injunctive relief counterclaim. It has been brought only to preserve Defendants' right to attorney's fees under the DTSA. (ECF No. 90 at 6-10). S&S agrees that Defendants can seek fees should they prevail, so there is no purpose served by a separate counterclaim. The original complaint will resolve the misappropriation issue, leaving nothing to be decided by the counterclaim. *Tenneco Inc. v. Saxony Bar & Tube, Inc.*, 776 F.2d 1375, 1379 (7th Cir. 1985).

### III.   Conclusion

For these reasons, S&S' motion to dismiss G&L's counterclaim (ECF No. 79) is GRANTED. S&S' motion to dismiss the Individual Defendants' counterclaims (ECF No. 72) is GRANTED in part and DENIED in part. Count III of the Individual Defendants' amended counterclaim is DISMISSED. Counts I and II of the Individual Defendants' amended counterclaims are STAYED pending the outcome of arbitration.

SO ORDERED on May 2, 2024.

        s/ *Holly A. Brady*
        CHIEF JUDGE HOLLY A. BRADY
        UNITED STATES DISTRICT COURT